IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PROTECT OUR PARKS, INC., *et al.* ) | |
| ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 1:21-cv-02006 |
| v. ) | |
| ) | |
| PETE BUTTIGIEG, ) | Judge John Robert Blakey |
| SECRETARY OF THE U.S. ) | |
| DEPARTMENT OF TRANSPORTATION, ) | |
| *et al.* ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' OPPOSITION
TO PLAINTIFFS' EMERGENCY MOTION FOR STAY PENDING APPEAL**

Defendants City of Chicago ("City"), the Chicago Park District ("Park District"), and The Barack Obama Foundation ("Foundation") (together, "Defendants"), respectfully submit this opposition to Plaintiffs' Emergency Motion for Stay Pending Appeal ("Motion"), Dkt. 85. In denying Plaintiffs' motion for preliminary injunction, the Court has already determined that "Plaintiffs have not met the standard for injunctive relief on their federal claims." Dkt. 83. The Court's findings with respect to the preliminary injunction equally compel denial of Plaintiffs' current request for injunctive relief pending appeal.[1] The standards for an injunction pending appeal mirror those for a preliminary injunction—except that Plaintiffs must now "make a stronger threshold showing of likelihood of success" than before, because Plaintiffs' "arguments have already been evaluated on the success scale" and Plaintiffs must therefore "convince the

---

[1] Plaintiffs style their motion as a request for "*stay* pending appeal," but the Court denied their motion for preliminary injunction, so there is no court order to stay. Instead, what Plaintiffs actually seek is an *injunction* pending appeal, barring the Foundation and the City from undertaking long-planned construction and roadwork changes while Plaintiffs' appeal proceeds. *See* Fed. R. Civ. P. 62(d).

1

reviewing court that the lower court, after having the benefit of evaluating the relevant evidence, has likely committed reversible error." *In re Forty-Eight Insulations, Inc.*, 115 F.3d 1294, 1301 (7th Cir. 1997). Plaintiffs offer nothing new beyond what the Court already considered with respect to any of the injunctive relief factors—and certainly do not make the requisite "stronger threshold showing" that their claims have merit. Indeed, the merits portion of their motion is just over a page long and simply summarizes their prior arguments. The motion should be denied.

## LEGAL STANDARD

An injunction pending appeal is an "'extraordinary remedy,'" which "[l]itigants should not lightly seek." *Classic Components Supply, Inc. v. Mitsubishi Elecs. Am., Inc.*, 841 F.2d 163, 165 (7th Cir. 1988) (quoting *Adams v. Walter*, 488 F.2d 1064, 1065 (7th Cir. 1973)); *see also Winston-Salem/Forsyth Cty. Bd. Of Educ. v. Scott¸* 404 U.S. 1221, 1231 (1971) (movant bears a "heavy burden for making out a case for such extraordinary relief"); *Kuri v. Edelman*, 491 F.2d 684, 687 (7th Cir. 1974) (an injunction pending appeal "has been termed an extraordinary remedy") (citing *Belcher v. Birmingham Trust Nat'l Bank*, 395 F.2d 685, 686 (5th Cir. 1968)). Generally speaking, the factors for evaluating a motion for injunction pending appeal mirror the traditional four factors for a preliminary injunction: (1) whether the movant has shown a likelihood that it will prevail on appeal; (2) whether the movant will be irreparably injured absent an injunction; (3) whether issuance of the injunction will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Forty-Eight Insulations,* 115 F.3d at 1300; *Alexander v. Cagan Mgmt.*, 2019 WL 5876439, at *1-2 (N.D. Ill. Feb. 1, 2019). And, as with a preliminary injunction motion, Plaintiffs must make a showing on the first two threshold factors before the court will consider the balance of harms. *Forty-Eight Insulations, Inc.*, 115 F.3d at 1300-01.

However, because Plaintiffs seek an injunction pending appeal of the denial of a preliminary injunction, the burden they face is all the more difficult to carry: Plaintiffs must "must make a stronger threshold showing" that they will prevail on appeal. *Forty-Eight Insulations*, 115 F.3d at 1301; *see also Kuri*, 491 F.2d at 687 (plaintiffs must make "a *strong showing* that they are likely to prevail on the merits of their appeal.") (emphasis added); *Wisconsin Right to Life, Inc. v. Fed. Election Comm'n*, 542 U.S. 1305, 1305-06 (2004) (Rehnquist, C.J., in chambers) (injunction pending appeal "would be an extraordinary remedy, particularly when … a unanimous three-judge District Court rejected applicant's request for a preliminary injunction"). That showing is particularly difficult to make in the context of a preliminary injunction ruling, because the Court's order is subject to review only for abuse of discretion. *See Kiel v. City of Kenosha*, 236 F.3d 814, 815-16 (7th Cir. 2000).[2]

Given the heavy burden they face, it is insufficient for Plaintiffs merely to rehash the arguments already presented to and rejected by this Court. *See Classic Components Supply*, 841 F.2d at 165 (denying motion for injunction pending appeal where movant failed to show "the district court's assessment was so gravely in error that an appellate court may disturb it" and did "not so much as refer to the standard of review on appeal"). Indeed, courts consistently reject motions for injunction pending appeal where, as here, the movant simply restates the same losing

---

[2] Plaintiffs assert that they "need not demonstrate that [they] will probably win on appeal." Mot. at 5 (citing *Harrington v. Heavey*, 2007 WL 257681, at *1 (N.D. Ill. Jan. 23, 2007)). This is inconsistent with Seventh Circuit case law. *See Kuri*, 491 F.2d at 687 ("strong showing" required). The Seventh Circuit has repeatedly denied injunctions pending appeal where the movant fails to establish that it is likely to prevail on appeal. *See, e.g.*, *Wheaton College v. Burwell*, Case No. 14-2396, 2014 WL 3034614, at *1 (7th Cir. June 30, 2014) (denying emergency motion for injunction pending appeal where "appellant has not shown that it is likely to prevail"); *Ill. Liberty PAC v. Madigan*, Case No. 12-3305, 2013 WL 5259036, at *1 (7th Cir. Oct. 24, 2012) (denying emergency motion for injunction pending appeal where "appellants have not shown that they are likely to succeed on the merits of their challenge"); *Garcia v. BP Prods. N. Am., Inc.*, 341 F. App'x 217, 220 (7th Cir. 2009) (denying motion for injunction pending appeal where movant could not "show that the district court abused its discretion").

arguments it had previously presented. *Nat'l Ass'n of Mfrs. v. Taylor*, 549 F. Supp. 2d 68, 75 (D.D.C. 2008) ("Mere repetition of [plaintiff's] arguments [did] not demonstrate that the [plaintiff] [was] any more likely to succeed on the merits of its claims than it was when the Court issued its Memorandum Opinion."); *Whitaker v. Kenosha Unified Sch. Dist. No. 1 Bd. of Educ.*, No. 16-cv-943-PP, 2016 WL 8846573, at *2-3 (E.D. Wis. Oct. 3, 2016) (denying motion to stay preliminary injunction because "[e]very argument which the defendants raise[d] in their motion for stay pending appeal was raised in their objection to the motion for preliminary injunction."). Because Plaintiffs have done nothing more than restate their prior arguments, the motion should be denied.

**ARGUMENT**

**I.     Plaintiffs Cannot Make a Strong Showing That They Are Likely to Prevail on Appeal.**

Plaintiffs' sole argument with respect to their likelihood of success on appeal is to point to what they "previously argued in Plaintiffs' motion and reply" with respect to the merits of their claims. Mot. at 5. As detailed above, this is insufficient to support an injunction pending appeal.[3] Rather than burden the Court with duplicative briefing, Defendants join and incorporate herein the federal defendants' opposition to Plaintiffs' Motion for Emergency Stay Pending Appeal.

**II.    Plaintiffs' Claimed Injuries Do Not Justify an Injunction Pending Appeal.**

As detailed by Defendants in their oppositions to Plaintiffs' motion for preliminary injunction, Plaintiffs' claims of irreparable harm are insufficient to support an injunction. Indeed, as Defendants have shown, the Presidential Center will enhance the Jackson Park site and add

---

[3] And in any event, the Federal Defendants and the City and Park District previously demonstrated that Plaintiffs are not likely to succeed on the merits of their claims. *See* Fed. Defs. Opp. (Dkt. 46) at 10-39; City & PD Opp. (Dkt. 47) at 8-25.

4

new natural features and green space for the public's benefit. Plaintiffs' current motion offers no new reason for why they carry their burden on showing irreparable harm. In fact, Plaintiffs repeat the same erroneous factual assertion they made earlier, claiming that there will be a loss of "seventeen percent (17%) of the trees in the *entire* park." Mot. at 7 (emphasis added). *See also* Pl's Reply in Supp. of PI (Dkt. 80) at 32. As with many of their claims, they cite no support for this assertion, and there is none. Indeed, as the federal review documents make clear—and as Defendants have previously explained, *see* City & PD Opp. (Dkt. 47) at 28-29 & n.26—the loss of trees will impact 17% of trees in *the slightly more than half the park that was surveyed*, not 17% of trees in the entire park. *See* Fed. Ex. 17, EA, App'x D, at 1, Dkt. 61-22. Plaintiffs' misstatement of this basic fact thus has the effect of erroneously doubling the project's impact on trees. Plaintiffs also suggest that the Defendants "concede but ignore" that tree impacts will have disrupting effects on migratory bird flights. Mot. at 7. But it is Plaintiffs who ignore the federal agencies' careful evaluation of the project's impacts on migratory birds, and the agencies' conclusions that "[n]o federal or state threatened or endangered species are anticipated to be adversely impacted by construction activities based on commitments put in place" and that "[n]o migratory birds are anticipated to be adversely impacted by construction activities." Fed. Ex. 17, EA, App'x C, at 8-9, Dkt. 61-22. The agencies reached similar conclusions regarding the roadway improvements as well. *Id.* at 11-12.[4]

Plaintiffs also allege injury on the theory that the "loss of use of land is presumed

---

[4] Plaintiffs also suggest that the work will involve the permanent removal of the Women's Garden. Mot. at 6. This is false. The Women's Garden will be rebuilt and made universally accessible after construction in a way that "incorporate[s] [the] design and material elements of the existing garden," including the sunken circular lawn, stratified limestone retaining wall, and perimeter plant beds, which will include a mix of plants similar to those features in the existing garden. Fed. Ex. 17 (EA) at 52; Fed. Ex. 11 (AOE) at 5, 51-52; Fed. Ex. 19 (Foundation EA Comment 10.30.20) at 15-16.

irreparable because the land is unique." Mot. at 7. But neither case cited by Plaintiffs supports such a general presumption, as those cases addressed the loss of privately-owned property rather than, as here, public parkland that will remain under public control. *See United Church of the Med. Ctr. v. Med. Ctr. Comm'n*, 689 F.2d 693, 701 (7th Cir. 1982) (private church property); *In re Beswick*, 98 B.R. 904, 906-07 (N.D. Ill. 1989) (privately-owned farmland and farm machinery). Even more, Plaintiffs' underlying assumption is incorrect—there will be no "loss of use" of land here, given that the Presidential Center facilities and grounds will be open to the public and developed for the public's benefit.[5]

### III. The Balance of Equities and Public Interest Weigh Against an Injunction.

As Defendants have explained in their prior briefs, an injunction is improper because it would cause significant irreparable harm to Defendants and to the public—harm that far outweighs any impact to Plaintiffs from allowing the Presidential Center to proceed. *See* City & PD Opp. (Dkt. 47) at 31-40; Foundation Opp. (Dkt. 48) at 25-34 & Cohen Decl. (Dkt. 48-1) (detailing harms to Foundation from delay of construction); Foundation Opp. (Dkt. 48) at 34-40 (detailing harms to public interest from injunction). Plaintiffs' motion offers no new argument

---

[5] Plaintiffs' other cases likewise do not support an injunction here. In *Committee of 100 on the Federal City v. Foxx*, the court held that an injunction was improper despite the project's impact on trees because the merits and equities factors favored the defendant federal agencies. 87 F. Supp. 3d 191, 205-20 (D.D.C. 2015), *stay pending appeal denied*, 2015 WL 4072321 (D.C. Cir. May 27, 2015). Notably, the court rejected similar merits claims to those raised by Plaintiffs here—that the agencies engaged in improper segmentation and failed to consider cumulative effects, impacts and alternatives. *Id.* at 212-16. In *Friends of the Parks v. Dole*, the court considered "only the limited issue of 'irreparable injury, loss, or damage to the applicant' and not the broader issues to be considered for a preliminary injunction." 1987 WL 18918 at *1 (Oct. 20, 1987, N.D. Ill.). *Paoli Peaks, Inc. v. Weeks*, 2011 WL 6755191 (Dec. 23, 2011, N.D. Ill.), involved logging operations that would have jeopardized the plaintiff's commercial ski area and driven the plaintiff out of business. And in *Saunders v. Washington Metropolitan Area Transit Authority*, the court concluded that residents had not been given their right to be heard under an interstate compact before their neighborhood was altered by construction of a new subway segment. 359 F. Supp. 457, 461-62 (D.D.C. 1973). Here, in contrast, the Presidential Center was approved after extensive local and federal review processes in which Plaintiffs had ample opportunity to be heard.

that overcomes Defendants' showing or warrants entry of an injunction pending appeal when an injunction was not warranted before.

As to the Foundation, Plaintiffs ask the Court simply to disregard the evidence that the Foundation will suffer substantial harm—financial and beyond—if construction is delayed. Mot. at 9. Plaintiffs say nothing about the Foundation's demonstration that delay would substantially harm its organizational mission to construct the Presidential Center and to promote the economic interest of surrounding communities. *See* Foundation Opp. (Dkt. 48) at 27-29, 31-34. Plaintiffs address only the Foundation's evidence of financial harms, claiming that "pecuniary loss suffered by" the Foundation has no legal significance because Plaintiffs seek to enjoin the cutting of trees. Mot. at 9-10 (citing *Cronin v. U.S. Dep't of Agriculture*, 919 F.2d 439, 445 (7th Cir. 1990)). This is incorrect. As the Foundation demonstrated, courts routinely find construction delays and related costs sufficient grounds to deny an injunction. Foundation Opp. (Dkt. 48) at 26 & n.6 (citing authorities).

The case Plaintiffs now cite, *Cronin*, is not to the contrary. *Cronin* acknowledged that "pecuniary harms can justify the denial of a preliminary injunction"—particularly if they are not mitigated through the posting of a bond by the plaintiff. 919 F.2d at 446. But in that case, the federal defendants had not "bothered to quantify" any pecuniary harm, which the Court concluded "probably [was] trivial." *Id.* at 445. Instead, the federal defendant's only asserted harm from a preliminary injunction was to its "reputation as a manager of our national forests," which the Court found unsupported by "any evidence." *Id.* at 446. *Cronin* fully supports denial of an injunction where, as here, the Foundation has submitted evidence that it would suffer both extensive financial harm that would not be remedied through any bond,[6] as well as the

---

[6] Plaintiffs requested that they be excused from posting anything more than a nominal bond if the preliminary injunction were granted. Mot. for Prelim. Inj. (Dkt. 41) at 40.

7

undermining of its fundamental mission to build the Presidential Center, and to bring its attendant benefits to the South Side of Chicago. *See* Foundation Opp. (Dkt. 48) at 27-34.

As for the City and Park District, Plaintiffs' motion makes no effort whatsoever to contest the harms to those Defendants. And as the City and Park District have explained, the injury from an injunction would be severe and irreparable: Among other reasons, an injunction at this point in time would create a cloud of uncertainty as to whether the Presidential Center may proceed, and that alone would immediately jeopardize the City's efforts to stimulate urgent South Side economic development and community renewal on the heels of the COVID pandemic. *See* City & PD Opp. (Dkt. 47) at 33-34. *See also id.*, Ex. A thereto (Cox Decl.). In addition, an injunction would irreparably harm the City and Park District by delaying a long-planned and complex park development construction project that will bring significant amenities and benefits to Jackson Park and the City's residents. *See* Dkt. 47, at 31-36.

And all of these are, of course, harms to the public, too—which will benefit from the multitude of cultural, recreational, and economic opportunities that the Presidential Center will generate. Against the weight of these harms, Plaintiffs' Motion offers only a single argument as to why an injunction would be in the public's interest—that the "federal statutes at issue" evince "an overriding policy of protecting parkland and the environment." Mot. at 10. But this just repeats an argument from their preliminary injunction motion, *see* Dkt. 31, at 38-40, and Defendants have already explained that violation of a procedural environmental statute does not entitle a plaintiff to an injunction, because a plaintiff must still carry its burden of showing that the balance of the equities favors an injunction. *See* City & PD Opp. (Dkt. 47) at 36-38 (discussing *Winter v. Nat'l Res. Def. Council, Inc.*, 555 U.S. 7, 23 (2008), and *Wisconsin v.*

*Weinberger*, 745 F.2d 412 (7th Cir. 1984)); *see also* Foundation Opp. (Dkt. 48) at 12.[7] Here, Plaintiffs have utterly failed to make the separate, required showing that the harm to Defendants and the public interest from an injunction is outweighed by any harm to Plaintiffs from denial of an injunction. The same failure that doomed their motion for preliminary injunction thus equally compels denial of the motion for injunction pending appeal.

## CONCLUSION

For the foregoing reasons as well as the reasons given in Defendants' Oppositions to the Preliminary Injunction Motion briefs, Plaintiffs' Motion should be denied.

Date: August 10, 2021    *Respectfully submitted,*

CELIA MEZA,
Corporation Counsel for the City of Chicago

By: /s/ *Joseph P. Roddy*    By: /s/ *Andrew Worseck*

Richard W. Burke
Joseph P. Roddy
Elizabeth Meyer Pall
BURKE, WARREN, MACKAY &
SERRITELLA, P.C.
330 North Wabash Avenue, Suite 2100
Chicago, Illinois 60611
(312) 840-7000
rburkesr@burkelaw.com
jroddy@burkelaw.com
epall@burkelaw.com

John Hendricks
Deputy Corporation Counsel
Andrew W. Worseck
Chief Assistant Corporation Counsel
City of Chicago, Department of Law
Constitutional and Commercial Litigation
Division
2 North LaSalle Street, Suite 520
Chicago, Illinois 60602
(312) 744-6975 / 4-7129
john.hendricks@cityofchicago.org
andrew.worseck@cityofchicago.org

*Attorneys for Defendant Chicago Park District*

---

[7] Plaintiffs' invocation of *Citizens to Preserve Overton Park, Inc. v Volpe*, 401 U.S. 402, 412-13 (1971)—a case that they have already relied extensively upon—does not support their request for the extraordinary remedy of an injunction pending appeal. Not only was *Volpe* not a preliminary injunction case, but the injunctive inquiry here is controlled by the Supreme Court's and Seventh Circuit's directives in *Winter* and *Weinberger*—both of which came after *Volpe*.

By: */s/ David H. Hoffman*

David H. Hoffman
Tacy F. Flint
Rachel L. Hampton
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
(312) 853-7000
david.hoffman@sidley.com
tflint@sidley.com
rhampton@sidley.com

Peter R. Steenland
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
(202) 736-8000
psteenland@sidley.com

*Attorneys for Defendant The Barack Obama Foundation*

By: /s/ *Ann D. Navaro*

Ann D. Navaro
Kevin A. Ewing
BRACEWELL LLP
2001 M Street NW, Suite 900
Washington, D.C. 20036
(202) 828-5800
ann.navaro@bracewell.com
kevin.ewing@bracewell.com

*Attorneys for Defendant City of Chicago*

**CERTIFICATE OF SERVICE**

    I, Rachel L. Hampton, an attorney, hereby certify that on this, the 10th day of August, 2021, I caused copies of **Defendants' Opposition to Plaintiffs' Emergency Motion for Stay Pending Appeal** to be electronically filed with the Clerk of the United States District Court for the Northern District of Illinois using the CM/ECF system, which will send notification of such filing to all parties that have appeared in this action.

                                                                                        */s/ Rachel L. Hampton*